## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JONATHAN SCHECHTER, GARRISON FINZER, and AMANDA MAYLOR, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ATLANTA BAR & GRILLE, LLC, ERIN WILLIAMSON, and JASON WOODWARD,<br><br>    Defendants. | Civil Action File No.: _____<br><br>**Jury Trial Demanded** |

## COMPLAINT

**COME NOW** Jonathan Schechter, Garrison Finzer, and Amanda Maylor, on behalf of themselves and all others similarly situated, and bring this collective action against Atlanta Bar & Grille, LLC ("ABG"), Erin Williamson ("Williamson"), and Jason Woodward ("Woodward") (collectively "Defendants") and respectfully show the Court as follows:

1

## **INTRODUCTION**

1.

This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* (the "FLSA" or the "Act").

2.

Defendant ABG is a Georgia limited liability company that, at all relevant times, operated a restaurant in Brookhaven, Georgia, called "Atlanta Bar & Grille" ("the Restaurant").

3.

At all relevant times, Defendants Williamson and Woodward owned, operated and/or controlled ABG.

4.

At all relevant times, Defendants failed to pay their employees, including Plaintiffs, wages owed for services they performed.

5.

Plaintiff Jonathan Schechter ("Schechter") is a resident and citizen of the State of Georgia. He is a former employee of Defendants who served as the Restaurant's General Manager throughout the relevant time period.

6.

Plaintiff Garrison Finzer ("Finzer") is a resident and citizen of the State of Georgia. He is a former salaried employee of Defendants who served as the Restaurant's Kitchen Manager throughout the relevant time period.

7.

Plaintiff Amanda Maylor ("Maylor") is a resident and citizen of the State of Georgia. She is a former hourly employee of Defendants who worked at the Restaurant as a cocktail waitress from February 10, 2021 to March 5, 2021.

8.

Plaintiffs bring this action individually and as a collective action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all similarly situated individuals who have been wrongfully denied compensation in violation of that statute (the "FLSA Collective"). Plaintiffs seek all improperly denied compensation, liquidated damages, interest, attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 206, 216(b).

9.

Additionally, and/or alternatively, Plaintiffs state claims against Defendants under Georgia state law for breach of contract, breach of implied contract, and unjust enrichment.

## JURISDICTION AND VENUE

10.

This action arises under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the Court therefore has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

11.

Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391 because Defendants are residents of this District and Division and transact or transacted business in this District and Division.

12.

Venue is also proper in this Court because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District and Division. Additionally, Defendant ABG maintains or maintained its principal office and registered agent in this District and Division.

# PARTIES

13.

Plaintiff Schechter is a citizen and resident of the State of Georgia who, at all relevant times, was employed by Defendants as the Restaurant's General Manager, for which Defendants promised to pay him an annual salary.

14.

Plaintiff Finzer is a citizen and resident of the State of Georgia who, at all relevant times, was employed by Defendants as the Restaurant's Kitchen Manager, for which Defendants promised to pay him an annual salary.

15.

Plaintiff Maylor is a citizen and resident of the State of Georgia who, at all relevant times, was employed by Defendants as a cocktail waitress, for which Defendants promised to pay her hourly compensation of no less than $7.25/hour.

16.

Defendant ABG is a Georgia limited liability company with its principal office address located at 270 17th Street NW, Unit 3303, Atlanta, GA, 30363. ABG may be served with a copy of the Summons and Complaint by serving its registered agent for service of process, Daniel L. Delnero, at the registered address of 270 17th Street NW, Unit 3303, Atlanta, GA, 30363.

17.

Defendant Williamson is a citizen and resident of the State of Georgia who may be personally served with a copy of the Summons and Complaint at her residence, 10 Brookhaven Drive, NE, Atlanta, GA 30319.

18.

Defendant Woodward is a citizen and resident of the State of Georgia who may be personally served with a copy of the Summons and Complaint at his residence, 110 Crown Court, Peachtree City, Georgia 30269.

19.

At all relevant times, Defendants Williamson and/or Woodward owned, operated, and controlled ABG. At all relevant times, Defendants Williamson and/or Woodward asserted control over ABG's day-to-day operations at the location where Plaintiffs and all similarly situated employees worked, had direct responsibility for their supervision, and made the decision not to pay Plaintiffs and similarly situated employees any wages, including promised salary, hourly, and overtime wages as required by the FLSA such that they were "employers" under the FLSA.

20.

Plaintiffs and others similarly situated employees (the "FLSA Collective") are individuals who include former hourly and salaried employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(3)(1).

21.

At all relevant times, Plaintiffs and each individual who may choose to join the FLSA Collective were individually covered by the FLSA because they either handled goods moving in interstate commerce during the performance of their jobs or otherwise utilized the instrumentalities of commerce during the performance of their jobs for Defendants.

**GENERAL ALLEGATIONS**

21.

On or about September 25, 2020, ABG was organized as a Georgia limited liability company for the purpose of owning and operating the Restaurant.

22.

On or about October 24, 2020, ABG entered into a written lease agreement with the owner of the Brookhaven Station Shopping Center for an approximately 8,000 square foot restaurant space, which the Restaurant came to occupy.

23.

ABG billed the Restaurant as a "neighborhood country club x sports bar."

24.

The Restaurant required the employment of numerous hourly and salaried employees, including bartenders, cooks, hostesses, kitchen staff, managers, and servers.

25.

Beginning in about November 2020, ABG began hiring such personnel, including certain of the Plaintiffs.

26.

Upon information and belief, in December 2020, Williamson became the sole owner of Defendant ABG.[1]

---

[1] *See* ABG's Complaint ("ABG Complaint") in the matter of *Atlanta Bar & Grille, LLC v. Hendon Brookhaven Station, LLC*, CIV.A. No. 2021-CV-353264 (Superior Court of Fulton County, Georgia), at ¶ 17 & Ex. "B."  Upon information and belief, Defendant Woodward also held himself out as an owner of ABG.  *See id.* at Exhibit "F," p. 4 (characterizing Woodward as a "purported 'owner' of ABG affiliated with Ms. Williamson").

27.

Also in December 2020, ABG opened the Restaurant for business.[2]

28.

Both before and after ABG opened the Restaurant, Plaintiffs and other ABG employees began working for ABG, training for the Restaurant's anticipated opening and staffing numerous pre-opening and post-opening events.

29.

Defendants initially paid their employees hourly wages and/or salary for the serviced they performed.

30.

In March 2021, however, the Restaurant abruptly closed, without prior notice to Plaintiffs or to ABG's other employees and without payment to them of previously earned salary and wages.

---

[2] *See* ABG Complaint, ¶ 16.

31.

The closure appears to have been precipitated by numerous events, including Defendant Woodward's March 2021 arrest on charges of, *inter alia*, aggravated sexual battery and aggravated sodomy following an incident that occurred at the Restaurant.[3]

32.

At the time the Restaurant closed, ABG owed its employees, including Plaintiffs and other similarly situated employees, substantial amounts of unpaid hourly wages, overtime wages, and salary, which amounts remain unpaid.

## COLLECTIVE ACTION ALLEGATIONS

33.

Plaintiffs bring this Collective Action individually and on behalf of the proposed FLSA Collective pursuant to the collective action procedure authorized by 29 U.S.C. § 216(b) of the FLSA, for back wages, overtime wages, liquidated damages, attorneys' fees and costs under the FLSA, 29 U.S.C. §§ 206(a), 207(a), and 216(b).

---

[3] *See* ABG Complaint, Ex. F, pp. 5-6. ("On March 5, 2021, Jason Woodward—who held himself out to the police as the 'owner' of ABG—was arrested on charges of aggravated sexual battery, aggravated sodomy, and false statements in matters of government. According to the police report, the incident took place [at the Restaurant] on February 27, 2021, when the business was closed.")

34.

Pursuant to the "opt-in" collective action procedure specified in 29 U.S.C. § 216(b), the named Plaintiffs file this collective action on behalf each similarly situated person who files, will file, or who has filed a written consent to be a party to this collective action pursuant to 29 U.S.C. § 216(b) at any time in the time period from the date this action is filed until final judgment is entered by the Court.

35.

The FLSA Collective consists of two subclasses: (a) hourly workers (bartenders, cooks, kitchen staff, servers and the like) who earned hourly wages which remain unpaid; and (b) salaried managers who earned salary which remains unpaid.

36.

As described in the preceding paragraphs, during the applicable statutory period, the named Plaintiffs and other members of the proposed FLSA Collective were each similarly harmed by Defendants as a result of the same intentional acts of Defendants. That is, each Plaintiff and similarly situated employee routinely worked for Defendants and were all similarly denied earned and owed hourly compensation, overtime compensation, and/or salary.

37.

Defendants willfully violated the FLSA by knowingly failing to pay their hourly and salaried employees earned wages and salary, including overtime wages.

38.

Plaintiffs, individually and on behalf of the proposed FLSA Collective, seek relief on a collective basis challenging Defendants' practice of failing to pay employees for all hours worked, and by failing to pay overtime compensation required by the FLSA.

39.

Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective. Accordingly, notice of this action should be sent to the current and former employees of Defendants who have suffered from Defendants' pay practices and who would benefit from issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated individuals are known to Defendants and are readily identifiable through Defendants' records.

## FIRST CAUSE OF ACTION
## <u>VIOLATION OF FAIR LABOR STANDARDS ACT</u>

(Brought by Plaintiffs on their own behalf and on behalf of others similarly situated)

40.

Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs fully and completely as if contained herein.

41.

At all relevant times, Defendants Williamson and/or Woodward owned ABG and asserted control over its day-to-day operations at the location where Plaintiffs and all similarly situated employees worked, had direct responsibility for their supervision and made the decision not to pay Plaintiffs and similarly situated employees any wages, including promised salary, hourly, and overtime wages as required by the FLSA, such that they were "employers" within the meaning of the FLSA.

42.

At all relevant times, Plaintiffs and all similarly situated employees were individually covered by the FLSA because they either handled goods moving in interstate commerce during the performance of their jobs or otherwise utilized the instrumentalities of commerce during the performance of their jobs.

43.

The FLSA requires employers, such as Defendants, to minimally compensate employees, such as Plaintiffs and all similarly situated employees, at the federal minimum wage for each hour worked.

44.

The FLSA requires employers, such as Defendants, to compensate employees, such as Plaintiffs and all similarly situated employees, at a rate of one and one half times their regular rate of pay for all time worked in excess of 40 hours per week.

45.

Upon information and belief, Defendants failed to maintain accurate records of the actual hours worked by Plaintiffs and similarly situated employees in violation of the FLSA's record keeping requirements.

46.

Plaintiffs, and all similarly situated employees, regularly worked in excess of 40 hours per week.

47.

Defendants failed to count all hours worked, to pay for all hours worked, and failed to pay overtime as to Plaintiffs and all employees similarly situated in violation of the FLSA.

48.

Defendant's failure to pay Plaintiffs and similarly situated employees for all hours worked, failure to pay overtime and failure to keep accurate records as set forth herein was a willful, reckless, intentional and/or knowing violation of the FLSA, including all applicable regulations.

49.

Plaintiffs and the FLSA Collective are entitled to an award of unpaid wages including unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**BREACH OF CONTRACT OR IMPLIED CONTRACT**

50.

Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs fully and completely as if contained herein.

51.

Plaintiffs, as well as each individual plaintiff that consents to join this lawsuit, all agreed to provide services to Defendants in return for Defendants' agreement to pay agreed upon wages for those services.

52.

Plaintiffs, as well as each individual plaintiff that consents to join this lawsuit, all provided good and valuable services to Defendants during the relevant time period, as agreed.

53.

Defendants failed and refused to pay Plaintiffs, as well as each individual plaintiff that consents to join this lawsuit, the agreed upon wages for the services provided.

54.

Defendants' failure or refusal to pay amounts owed was intentional and in breach of the parties' agreement, express and/or implied.

55.

As a result of Defendants breaches of contract, Plaintiffs, as well as all individual plaintiffs who consent to join this lawsuit, have suffered damages in amounts to be proven at trial.

## THIRD CAUSE OF ACTION
## <u>UNJUST ENRICHMENT</u>

56.

Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs fully and completely as if contained herein.

57.

Plaintiffs bring this unjust enrichment claim in the alternative to their breach of contract and/or implied contract claims.

58.

Plaintiffs, as well as each individual plaintiff who consents to join this lawsuit, conferred benefits upon Defendants in the form of services provided for which they were to receive an agreed-upon amount of pay.

59.

As a result of Defendants' failure to pay Plaintiffs, as well as each individual plaintiff who consents to join this lawsuit, Defendants were and have been unjustly enriched in an amount equal to the value of such services.

## FOURTH CAUSE OF ACTION
## ATTORNEYS' FEES AND COSTS UNDER O.C.G.A. § 13-6-11

60.

Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs fully and completely as if contained herein.

61.

By their actions described above, and by their stubborn litigiousness prior to and during this lawsuit, Defendants acted in bad faith, were stubbornly litigious, and put Plaintiffs to unnecessary trouble and expense.

62.

Thus, under O.C.G.A. § 13-6-11, Plaintiffs are entitled to recover their attorneys' fees and expenses incurred in prosecuting this action.

**WHEREFORE**, Plaintiffs, individually, and on behalf of all employees similarly situated, demand a Trial by Jury and pray for judgment in their favor and against Defendants as follows:

a. Designation of this action as a collective action on behalf of those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action

      and permitting them to assert FLSA claims in this action by filing consent forms;

b. Enter judgment against Defendants for all unpaid wages, overtime pay, appropriate incentive award to named Plaintiffs, back pay, front pay and all other amounts owed under the governing legal authorities;

c. Award declaratory and injunctive relief as permitted by law or equity including, but not limited to, injunctive relief requiring Defendants to comply with the FLSA, to properly pay employees and to avoid future FLSA violations and, if applicable, reinstatement of unlawfully terminated employees or payment of front pay in lieu of reinstatement;

d. Judgment that Defendants' violations of the FLSA were willful;

e. Award liquidated damages in an additional amount equal to wages owed;

f. Award prejudgment interest;

g. Award reasonable attorneys' fees and costs;

h. Leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the Court;

i. Award Plaintiffs such other legal and/or equitable relief as this Court may deem proper.

Respectfully submitted this the 7th day of June, 2022.

**FRIED BONDER WHITE, LLC**

*/s/ Joseph A. White*
Joseph A. White
Georgia Bar No. 754315
jwhite@friedbonder.com
David S. Fried
Georgia Bar No. 277319
dfried@friedbonder.com
730 Peachtree Street, NE, Suite 600
Atlanta, Georgia 30308
Phone: (404) 995-8808
Facsimile: (404) 995-8899